UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**ASHLEY R. MESSMANN,**
N4347 Sunset Road
Medford, WI 54451

Plaintiff,

Case No. 26-CV-966

vs.

**UNITED OF OMAHA LIFE INSURANCE COMPANY,**
Registered Agent:
Corporation Service Company
33 E. Main Street, Suite. 610
Madison, WI 53703

Defendant.

---

# COMPLAINT

---

Now comes Plaintiff, Ashley Messman, by and through her attorneys, Hawks Quindel, S.C., and for her Complaint against Defendant, hereby states as follows:

## JURISDICTION & VENUE

1. Plaintiff, a participant in an employee welfare benefit plan, brings this action pursuant to 29 U.S.C. § 1132 of the Employee Retirement Income Security Act of 1974, as amended (ERISA) to recover benefits due to Plaintiff pursuant to the terms of the plan and to enforce and clarify Plaintiff's rights under the terms of the plan.

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132, as the claims herein arise under ERISA.

3. Venue is proper in the Western District of Wisconsin pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District and, because, in substantial part, the breaches asserted herein took place in this District.

## PARTIES

4. Plaintiff is an adult resident of Medford, Wisconsin, and at all times relevant to this complaint, was a participant in, and beneficiary of, an employer-sponsored group long term disability (LTD) benefit plan.

5. Defendant, United of Omaha Life Insurance Company, on information and belief is a corporation organized under the laws of Nebraska, licensed to sell insurance in the state of Wisconsin. Upon information and belief, Defendant issued a group LTD insurance policy, identified as Policy No. GUPR-0AZ4M, to Dental Crafters, Inc. (the Plan).

6. The Plan is an employee welfare benefit plan subject to ERISA and has been in effect since at least July 1, 2017 and continues to the present time.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff formerly worked as a Dental Production Associate for Dental Crafters, Inc., and by virtue of this employment, was an eligible participant in the Plan.

9. Plaintiff ceased working on or about April 30, 2025 due to post-adrenalectomy adrenal insufficiency, heart failure, coronary artery disease, resistant hypertension, chronic low back pain, and anxiety.

10. Effective April 30, 2025 and continuing to the present time, Plaintiff has been unable to perform the substantial and material duties of Plaintiff's own occupation and of any occupation, as those terms are defined by the Plan.

11. As a result of Plaintiff's medical conditions, Plaintiff applied for short-term disability benefits, and Defendant approved that claim through the maximum benefit period.

12. Plaintiff subsequently applied for LTD benefits with the Defendant.

13. Plaintiff's LTD benefit is worth approximately $2,160.55 per month.

14. Defendant was responsible for determining whether Plaintiff was eligible for LTD benefits.

15. Defendant was responsible for paying Plaintiff's LTD benefits.

16. By letter dated December 2, 2025, Defendant denied Plaintiff's LTD benefits claim in the entirety.

17. By letter dated May 1, 2026, Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

18. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

19. Plaintiff submitted all information requested by the Defendant.

20. Defendant failed to consider the issues raised in Plaintiff's appeal.

21. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

22. Defendant did not perform a "full and fair review" of Plaintiff's claim.

23. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

24. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

25. Defendant failed to engage in a meaningful dialogue with Plaintiff.

26. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

27. Defendant conducted a selective review of Plaintiff's medical records.

28. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

29. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

30. At all times material to this case, the Plan has remained in full force and effect.

31. Defendant's denial of Plaintiff's claim LTD benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA**

32. The preceding paragraphs are reincorporated by reference as though set forth here in full.

33. Plaintiff has been and remains disabled, as that term is defined by the Plan.

34. Defendant wrongfully, arbitrarily, and capriciously denied LTD benefits due to Plaintiff.

35. Defendant interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

36. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plans from one case to the next.

37. As both the payer of claims and the adjudicator of LTD claim eligibility, Defendant has an inherent conflict of interest.

38. Defendant's denial of Plaintiff's LTD benefits was "downright unreasonable."

39. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTD benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Ashley Messmann, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTD benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTD benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: this 22nd day of September, 2026.

By: *s/Jessa L. Victor*
Jessa L. Victor
WI State Bar No. 1099144
Lena N. Yeakey
WI State Bar No. 1131741
Attorney for Plaintiff
Hawks Quindel, S.C.
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Email: jvictor@hq-law.com